## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RY C. TY, | * | |
| | * | |
| PLAINTIFF, | * | CIVIL ACTION NO. 18-9497 |
| | * | |
| VERSUS | * | |
| | * | |
| BP EXPLORATION & PRODUCTION | * | JUDGE BARBIER |
| INC. and BP AMERICA PRODUCTION | * | |
| COMPANY, | * | MAGISTRATE |
| | * | JUDGE WILKINSON |
| DEFENDANTS. | * | |
| | * | |
| Related to:    12-968 BELO | * | |
| in MDL No. 2179 | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### THE BP PARTIES' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants BP Exploration & Production Inc. ("BPXP") and BP America Production Company ("BPAP") (collectively, the "BP Parties") hereby answer Plaintiff's Complaint as follows:

### INTRODUCTION

1.      The BP Parties admit that Plaintiff brings a Back-End Litigation Option ("BELO") lawsuit.

2.      The BP Parties admit that Plaintiff has filed a Notice of Intent to Sue ("NOIS"). The BP Parties deny that Plaintiff's NOIS satisfied the conditions of the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement ("MSA") and deny the remainder of this paragraph.[1]

---

[1]      The Claims Administrator's review of a Notice of Intent to Sue does not constitute a final determination of the timeliness or compliance of the Notice of Intent to Sue with MSA requirements or a claimant's right to recover for any claimed condition.  The BP Parties reserve the right to raise challenges with respect to all aspects of the NOIS.

3.      The BP Parties admit that the Plaintiff seeks damages and costs.  Upon information and belief, the BP Parties admit that Plaintiff performed clean-up work.  The BP Parties further admit that the MSA's definition of "Later-Manifested Physical Condition" is accurately quoted in Footnote 1.  The BP Parties lack knowledge or information sufficient to form a belief about the remaining allegations of this paragraph, and therefore deny them.

## PARTIES

4.      Upon information and belief, the BP Parties admit that Plaintiff performed clean-up work.  The BP Parties lack knowledge or information sufficient to form a belief about the remaining allegations of this paragraph, and therefore deny them.

5.      The BP Parties admit that BPXP and BPAP are Delaware corporations and that their principal places of business are in Houston, Texas.  The BP Parties further admit that both MSA and this Court's BELO Cases Initial Proceedings Case Management Order ("CMO") provide that BPXP and BPAP are the only parties that may be named as defendants in a BELO lawsuit.

## JURISDICTION AND VENUE

6.      The BP Parties state that this paragraph states legal conclusions to which no response is required.

7.      The BP Parties state that this paragraph states legal conclusions to which no response is required.

8.      The BP Parties state that this paragraph states legal conclusions to which no response is required.  To the extent a response is required, the BP Parties admit that Plaintiff's claims sound in maritime law.

9.      The BP Parties state that this paragraph states legal conclusions to which no

response is required.  The BP Parties lack knowledge or information sufficient to form a belief about the remaining allegations of this paragraph, and therefore deny them.

10.     The BP Parties state that this paragraph states legal conclusions to which no response is required.  To the extent a response is required, the BP Parties admit that Plaintiff's claims are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

11.     The BP Parties admit the allegations in this paragraph.

12.     Proper venue is determined by weighing a number of factors, including the convenience of the parties and witnesses and the interests of justice.  28 U.S.C. § 1404(a); *see In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).  The BP Parties expect to obtain information concerning these factors through initial disclosures and documents to be provided by Plaintiff in this action.  Pursuant to the CMO, and based upon available information and belief, the BP Parties submit that venue would be proper in the United States District Court for the Northern District of Florida.  The BP Parties reserve the right to specify a different District at a later date in light of the information provided by Plaintiff.  The BP Parties lack knowledge or information sufficient to form a belief about the remaining allegations of this paragraph, and therefore deny them.

13.     Proper venue is determined by weighing a number of factors, including the convenience of the parties and witnesses and the interests of justice.  28 U.S.C. § 1404(a); *see In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).  The BP Parties expect to obtain information concerning these factors through initial disclosures and documents to be provided by Plaintiff in this action.  Pursuant to the CMO, and based upon available information and belief, the BP Parties submit that venue would be proper in the United States District Court

for the Northern District of Florida.  The BP Parties reserve the right to specify a different

District at a later date in light of the information provided by Plaintiff.  The BP Parties lack

knowledge or information sufficient to form a belief about the remaining allegations of this

paragraph, and therefore deny them.

## FACTUAL BACKGROUND

14.     The BP Parties admit that the *Deepwater Horizon* was an ultra-deepwater

dynamic positioned semi-submersible oil vessel.  The BP Parties further admit that the

*Deepwater Horizon* was used to drill exploratory wells at the Macondo prospect site in

Mississippi Canyon Block 252, which is located on the Outer Continental Shelf off of the coast

of Louisiana.  To the extent that this paragraph quotes 30 C.F.R. § 250.107(a)(1), this provision

speaks for itself.  The BP Parties deny the remaining allegations of this paragraph.

15.     The BP Parties admit that on April 20, 2010, there was a loss of control of the

well being drilled by the vessel *Deepwater Horizon*, resulting in one or more fires and explosions

onboard.  The BP Parties further admit that one or more explosions and fires occurred on the

*Deepwater Horizon*, resulting in the death of eleven persons and the injury of others.  The BP

Parties further admit that the vessel sank on April 22, 2010.  The BP Parties further admit that

hydrocarbons in the Macondo Well reservoir entered the water column from appurtenances of

the *Deepwater Horizon* and reached the surface of the Gulf of Mexico and that some

hydrocarbons reached portions of the shorelines of Louisiana, Mississippi, Alabama, and Florida.

The BP Parties deny the remaining allegations of this paragraph.

16.     To the extent that this paragraph quotes 33 U.S.C. § 2702, this provision speaks

for itself.  The BP Parties admit that the U.S. Coast Guard designated BPXP, among others, as a

"responsible party" under the OPA.  The BP Parties deny the remaining allegations of this

paragraph.

17.     The BP Parties admit that the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling issued a report in January 2011, the text of which speaks for itself.  The BP Parties further admit that BPXP entered into a plea agreement in November 2012, the text of which speaks for itself.  The BP Parties deny the remaining allegations of this paragraph.

18.     The BP Parties admit that on September 4, 2014, the District Court entered Findings of Fact and Conclusions of Law for the Phase One Trial.  *See* Case No. 2:10-md-02179, Rec. Doc. 13355 (Sept. 4, 2014).  The District Court entered revised Findings of Fact and Conclusions of Law for the Phase One Trial on September 9, 2014.  *See* Case No. 2:10-md-02179, Rec. Doc. 13381-1 (Sept. 9, 2014).  The text of the Findings of Fact and Conclusions of Law speaks for itself.

19.     The BP Parties deny the allegations of this paragraph.

20.     The allegations of this paragraph are vague and generic, and therefore the BP Parties lack knowledge or information sufficient to form a belief about these allegations, and therefore deny them.

21.     The allegations of this paragraph are vague and generic, and therefore the BP Parties lack knowledge or information sufficient to form a belief about these allegations, and therefore deny them.

22.     The BP Parties admit that the Agency for Toxic Substances and Disease Registry is an agency of the U.S. Department of Health and Human Services and that its pronouncements relating to benzene speak for themselves.  The remaining allegations of this paragraph are vague and generic, and therefore the BP Parties lack knowledge or information sufficient to form a

belief about these allegations, and therefore deny them.

23.     The BP Parties deny the allegations of this paragraph.

24.     The BP Parties admit that BPXP participated in the response to the Incident as a responsible party with the approval of and under the direction of the Unified Command, led by the Federal On-Scene Coordinator, and that part of plan approved by the Unified Command included the use of skimming equipment, controlled *in-situ* burning and the deployment of booms in certain locations to support mechanical recovery of oil and other response efforts.  The BP Parties deny the remaining allegations of this paragraph.

25.     The BP Parties admit that the dispersants approved for use in the Response by the Unified Command included Corexit® 9500 and Corexit® EC9527A.  The BP Parties deny the remaining allegations of this paragraph.

26.     The BP Parties admit that BPXP participated in the response to the Incident as a responsible party under the direction of the Unified Command, led by the Federal On-Scene Coordinator, and that part of the plan approved by the Unified Command included the use of chemical dispersants in certain locations that were pre-approved for use in oil spill response by the U.S. government.  The BP Parties deny the remaining allegations of this paragraph.

27.     The BP Parties admit that the U.S. Government directed and controlled the use of chemical dispersants in the Response, including through written directives, the text of which speak for themselves.  The BP Parties deny the remaining allegations of this paragraph to the extent they are not consistent with the written directives.

28.     The BP Parties admit that the use of dispersants in the Response, including the quantities of dispersants to be used, were directed and approved by the Unified Command.  The BP Parties deny the remaining allegations of this paragraph.

29.     The BP Parties admit that on May 26, 2010, the EPA issued a directive, the text of which speaks for itself.  The BP Parties further admit that following the May 26, 2010 EPA directive, BPXP requested and received approval from the Unified Command to use chemical dispersants in certain locations on the surface of the Gulf of Mexico.  The BP Parties deny the remaining allegations of this paragraph.

30.     This paragraph purports to characterize the Aerial Dispersants Operations-Houma Status Report dated June 26, 2010, the text of which speaks for itself.  The BP Parties deny the remaining allegations of this paragraph.

31.     The BP Parties admit that according to the *Oil Budget Calculator* report prepared by the United States government, approximately 1.8 million gallons of chemical dispersants were used in the Response in certain locations.  The BP Parties deny the remaining allegations of this paragraph.

32.     To the extent that this paragraph and footnote 11 of the Complaint purport to quote and/or characterize the article cited in footnote 11, that article speaks for itself.  The BP Parties deny the remaining allegations of this paragraph.

33.     The allegations of this paragraph are vague and generic, and therefore the BP Parties lack knowledge or information sufficient to form a belief about these allegations, and therefore deny them.

34.     To the extent that this paragraph purports to characterize certain undated Material Safety Data Sheets exist for Corexit® 9500 and Corexit® 9527A, the texts of those documents speak for themselves.  The BP Parties deny the remaining allegations of this paragraph.

35.     The allegations of this paragraph are vague and generic, and therefore the BP Parties lack knowledge or information sufficient to form a belief about these allegations, and

therefore deny them.

36.     The BP Parties deny the allegations of this paragraph.

37.     The BP Parties lack knowledge or information sufficient to form a belief about the allegations of this paragraph, and therefore deny them.

38.     The BP Parties deny the allegations of this paragraph.

39.     The BP Parties deny the allegations of this paragraph.

40.     The BP Parties deny the allegations of this paragraph.

41.     The BP Parties deny the allegations of this paragraph.

42.     The BP Parties admit that some Clean-Up Workers participated in decontamination activities.  The BP Parties deny the remaining allegations of this paragraph.

43.     The BP Parties deny the allegations of this paragraph.

44.     The BP Parties deny the allegations of this paragraph.

45.     The BP Parties deny the allegations of this paragraph.

46.     The BP Parties deny the allegations of this paragraph.

47.     Upon information and belief, the BP Parties admit that Plaintiff performed clean-up work.  The BP Parties lack knowledge or information sufficient to form a belief about the remaining allegations of this paragraph, and therefore deny them.

48.     The BP Parties lack knowledge or information sufficient to form a belief about the allegations of this paragraph, and therefore deny them.

49.     Upon information and belief, the BP Parties admit that Plaintiff performed clean-up work.  Upon information and belief, the BP Parties further admit that Plaintiff was employed by third party Plant Performance Services.  The BP Parties lack knowledge or information sufficient to form a belief about the remaining allegations of this paragraph, and therefore deny

them.

50.     The BP Parties deny the allegations of this paragraph.

51.     The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

52.     The BP Parties deny the allegations of this paragraph.

53.     The BP Parties deny the allegations of this paragraph.

54.     To the extent that this paragraph purports to characterize provisions of the MSA, that document speaks for itself.  The BP Parties specifically deny that Plaintiff has satisfied the requirements of the MSA with respect to the conditions alleged in the Complaint.  The BP Parties admit that they elected not to mediate with Plaintiff, and that Plaintiff has filed a BELO lawsuit.  The BP Parties deny the remaining allegations of this paragraph.

55.     The BP Parties lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore deny them.

## CAUSES OF ACTION

56.     The BP Parties reallege each and every answer set forth in all preceding paragraphs as if fully restated here.

57.     The BP Parties state that this paragraph states legal conclusions to which no response is required.  To the extent that this paragraph and its footnotes purport to characterize and/or quote provisions of the MSA, that document speaks for itself.  The BP Parties deny the remaining allegations of this paragraph.

58.     The BP Parties state that this paragraph states legal conclusions to which no response is required.  To the extent that this paragraph and its footnote purport to characterize and/or quote provisions of the MSA, that documents speaks for itself.  The BP Parties deny the

remaining allegations of this paragraph.

59.    The BP Parties deny that Plaintiff's injuries were directly or proximately caused by her exposure to oil and dispersants.  The BP Parties admit that Plaintiff is seeking compensatory damages.  The BP Parties lack knowledge or information sufficient to form a belief about the remaining allegations of this paragraph, and therefore deny them.

## DAMAGES

60.    The BP Parties deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## REQUEST FOR WAIVER OF FILING FEES

The BP Parties deny that the filing fee should be waived in this lawsuit.  This Court has held that "[t]he BELO lawsuit is essentially a new action, separate from the class action" and "[t]herefore, payment of the filing fee is proper."  Order at 3, Rec. Doc. 24218, Case No. 2:10-md-2179 (Mar. 16, 2018) (internal quotation marks omitted).

## PRAYER

The BP Parties deny the allegations set forth in Plaintiff's Prayer for relief and deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

The BP Parties raise the following affirmative defenses and other defenses.  Listing a defense herein does not constitute a concession that the BP Parties bear the burden of establishing any element of the claims made by Plaintiff, and for which Plaintiff bears the burden of proof.  Furthermore, pursuant to the CMO, this Answer shall not be deemed to have waived any defenses under Fed. R. Civ. P. 12 that are not included in this Answer.  The BP Parties specifically reserve the right to amend or supplement their affirmative defenses and this Answer

as additional facts concerning their defenses become known to them.

In addition, pursuant to the Court's CMO, all motions prohibited under the CMO are preserved for later filing before any subsequently assigned presiding judge.  The BP Parties therefore reserve the right to file any and all motions, including but not limited to a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), in accordance with the procedures described in the CMO, and this Answer shall not be deemed to have waived the right to file such motions.

## FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's damages or injuries, if any, were caused by an occurrence and/or accident unforeseeable by the BP Parties.  Plaintiff's alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which the BP Parties are not legally responsible and thus Plaintiff is not entitled to recover her alleged damages, if any, from the BP Parties.

## THIRD DEFENSE

In accordance with *Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830 (1996), one or more superseding and/or intervening causes—such as a preexisting medical condition or conditions—preclude any finding of liability for damages on the part of the BP Parties.

## FOURTH DEFENSE

The injuries allegedly sustained by Plaintiff occurred as a result of preexisting medical conditions, causes, or injuries which are unrelated to activities of the BP Parties, and the existence of these preexisting or other medical conditions, causes, or injuries are a bar to and/or

mitigating factor to any recovery sought herein.

## FIFTH DEFENSE

To the extent the BP Parties are found liable to Plaintiff for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced by the contributory or comparative negligence of other individuals, entities, or vessels, including Plaintiff's own contributory or comparative negligence.

## SIXTH DEFENSE

The BP Parties state that the alleged injuries complained of, if any, were caused by Plaintiff's own negligence and recovery is thus barred.  Alternatively, the BP Parties state that the alleged injuries and damages were caused by the comparative negligence and/or fault of Plaintiff.

## SEVENTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contractual or other indemnity from other parties or entities.

## EIGHTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contribution from other parties or entities.

## NINTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to a set-off or other equitable reduction in liability for any compensation paid by the BP Parties or other parties or entities.

## TENTH DEFENSE

Plaintiff's damages are barred, in whole or in part, by a failure to mitigate damages.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the MSA, including to the extent that Plaintiff seeks damages not authorized by the MSA.

## TWELFTH DEFENSE

Under the terms of the MSA, if Plaintiff has sought compensation for her alleged condition pursuant to workers' compensation law, as applicable, Plaintiff is barred from seeking compensation from the BP Parties in any other manner, including a BELO lawsuit.

## THIRTEENTH DEFENSE

Maritime law preempts all state law claims that are or may be asserted in this action.

## FOURTEENTH DEFENSE

The BP Parties may be held liable only for damages resulting from their own conduct and may not be held liable derivatively for the conduct of any other entity.

## FIFTEENTH DEFENSE

The BP Parties cannot be held liable for damages resulting from or caused by the BP Parties' subcontractors or other parties, as the actions of independent contractors cannot be imputed to the BP Parties.

## SIXTEENTH DEFENSE

The BP Parties cannot be held liable for any damages resulting from or caused by actions taken pursuant to federal, state, or local government control, direction, delegation, or authorization.

## SEVENTEENTH DEFENSE

The BP Parties may not be held liable for any damages resulting from or caused by the actions of any BP Parties to the extent such damages were exacerbated by federal, state, or local

government actions.

## EIGHTEENTH DEFENSE

The BP Parties state that, at all times relevant, they complied with applicable laws, regulations, standards, as well as with any directions/instructions of the Unified Command, and that its actions were consistent with the National Contingency Plan.

## NINETEENTH DEFENSE

Non-maritime law claims asserted in this Complaint, if any, are barred under the doctrines of claim or issue preclusion (res judicata or collateral estoppel) or law of the case.

## TWENTIETH DEFENSE

To the extent the BP Parties are found liable to Plaintiff for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced by any prior payment to and/or release of liability from Plaintiff who received funds through the BP claims process, the Gulf Coast Claims Facility, or the claims process to be conducted under any settlement agreement.  Furthermore, any settled claims accompanied by any sort of releases of rights against the BP Parties may no longer be maintained and are defined to fall outside of the settlement class.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred by the doctrine of release.

## TWENTY-SECOND DEFENSE

The BP Parties reserve the right to assert any and all affirmative defenses which discovery proceedings may hereafter reveal to be appropriate.

Date: November 12, 2018                    Respectfully submitted,


                                           ___/s/ Kevin M. Hodges_____
                                           Kevin M. Hodges
                                           WILLIAMS & CONNOLLY LLP
                                           725 Twelfth Street, N.W.
                                           Washington, D.C. 20005
                                           Telephone:  (202) 434-5000
                                           Telefax:  (202) 434-5029


                                           ___/s/ Catherine Pyune McEldowney___
                                           Catherine Pyune McEldowney
                                           MARON MARVEL BRADLEY ANDERSON &
                                           TARDY LLC
                                           1201 North Market Street, Suite 900
                                           Wilmington, DE 19801
                                           Telephone:  (302) 425-5177
                                           Telefax:  (302) 425-0180


                                           ___/s/ Don K. Haycraft_____
                                           Don K. Haycraft (Bar #14361)
                                           LISKOW & LEWIS
                                           701 Poydras Street, Suite 5000
                                           New Orleans, LA 70139
                                           Telephone:  (504) 581-7979
                                           Telefax:  (504) 556-4108

              *ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.*
                 *AND BP AMERICA PRODUCTION COMPANY*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 12, 2018, the above and foregoing pleading was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

<u>/s/ Don K. Haycraft</u>
Don K. Haycraft